(96 Misc. Rep. 82)

## DIME SAVINGS BANK OF BROOKLYN v. BUTLER et al.

(Supreme Court, Special Term, New York County. June, 1916.)

1. COVENANTS ⊂⇒79(3)—OPERATION AND EFFECT—WHO MAY ENFORCE.

Where the owners of a block of land, holding under a deed covenanting only that no brewery or distillery should be erected thereon, conveyed lots to plaintiff's predecessor and others, with covenants against any building except of brick, stone, or iron, with roofs of slate or metal, for dwelling houses, and against tenements and apartment houses, enforceable at the option of the grantors, and conveyed lots to a church and for a nurses' home, omitting some of these restrictions, no reference to a general plan being made in the deed to plaintiff's predecessor or any prior deed, the deed to the church containing a reciprocal covenant as to lots thereafter conveyed, the covenants as to plaintiff's tract are not enforceable by the grantees of other tracts, and after the grantors have disposed of all their property in the neighborhood, there is no one who can enforce the restrictions.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 78; Dec. Dig. ⊂⇒79(3).]

2. COVENANTS ⊂⇒49—BUILDING RESTRICTIONS—VALIDITY.

Covenants, entered into with the design to carry out a general scheme for the improvement or developement of real property, are valid and enforceable.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 49; Dec. Dig. ⊂⇒49.]

Action by the Dime Savings Bank of Brooklyn against Louise C. Butler and others. Judgment for plaintiff.

See, also, 88 Misc. Rep. 698, 152 N. Y. Supp. 448; 167 App. Div. 257, 152 N. Y. Supp. 633; 168 App. Div. 909, 152 N. Y. Supp. 1107.

Cullen & Dykman, of Brooklyn (Wm. N. Dykman, of Brooklyn, of counsel), for plaintiff.

Butler, Wyckoff & Campbell, of New York City (Frederick B. Campbell, of New York City, of·counsel), for defendant Louise C. Butler.

Kurzman, Frankenheimer & Gutman, of New York City (John Frankenheimer, of New York City, of counsel), for defendants Rosalie Nathan, Lillie Stine, Alfred Nathan, Alice Richards and Emma Kaskel.

Samuel Hoff, of New York City, for defendant Sophie Liebman.

Anderson & Anderson, of New York City, for defendant George S. Brewster.

Osborne, Lamb & Garvan, of New York City, for defendant Sarah Collier.

Stewart & Shearer, of New York City, for defendants Henry De Coppet and United States Trust Company.

DELEHANTY, J. This is an action brought under section 1638 et seq. of the Code of Civil Procedure to determine that the defendants have no interest in the property of the plaintiff. The land involved is situated in the borough of Manhattan, city of New York, and is bounded on the north and south respectively by Seventy-Second and Seventy-First streets, and on the east and west by Park and

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Madison avenues.  Prior to August 6, 1880, it was owned by Henrietta A. Lenox, the heir of James Lenox.  On that date she conveyed it to Edward Tracy and James Russell, the deed containing what the parties call the Lenox covenant against nuisances.  This covenant prohibited among other things the erection of a brewery or distillery, presumably on account of the nature of the business of Tracy and Russell, which was that of brewers.  In December, 1880, Tracy and Russell made their first conveyance of any portion of the land in question by deeding to Dinkelspiel and Lightsone a parcel on the Seventy-Second street side of the block.  This deed was executed by the grantees, who covenanted for themselves, their heirs and assigns that no building or buildings would be erected thereon—

"except of brick, stone or iron, with roofs of slate or metal, nor less than four stories in height, to be used and occupied exclusively for private dwelling houses, * * * and that neither they nor their heirs and assigns shall erect, suffer or permit upon any part of said premises any tenement house or flats, which aforesaid covenants shall run with the land and be binding on every owner or owners of the premises hereby conveyed and enforcible by injunction or otherwise, at the option of the said parties of the first part."

In 1882 the larger portion of the plot now held by this plaintiff was conveyed by Tracy and Russell to Gertrude B. Waldo under similar covenants.  In 1883 they conveyed a large plot at the corner of Madison avenue and Seventy-First street to the St. James Episcopal Church.  This deed was executed by the church grantee, and the covenants therein differed from the covenants referred to above in several respects.  A church building was excluded from the limitations imposed, an alleyway was permitted, and the covenants did not require the erection upon or to cover the whole front of the plot conveyed.  Also, the words "apartment house" were included in the expression as to the prohibition against tenements.  This deed further contained a reciprocal covenant by the grantors to insert in all deeds of property then unsold, lying west of a line 180 feet from Madison avenue, similar covenants to those they had inserted in the deed to the church.  Other conveyances of the property were made from time to time until the interests of Tracy and Russell were entirely closed out.  As to the deeds of these conveyances a number of them contained similar covenants, while others varied materially.  In one instance, i. e., the Nurses' Home, the land conveyed, consisting of a plot 123 feet in width on Seventy-First street, was totally unrestricted except by the Lenox covenant.

[1] Upon the facts presented I am inclined to sustain the contention of the plaintiff that the covenants of its predecessor in title ran only to Tracy and Russell, and that no right to enforce them rests in the defendants.  The covenants in the deeds to Waldo and Barclay were clearly not made for the benefit of the remaining land held by Tracy and Russell, but solely for the benefit of the grantors themselves.  A reference to these covenants, as indicated above, discloses that they were made by Tracy and Russell, their heirs and assigns, as parties of the first part, and were to be enforced "by injunction or otherwise at the option of the said parties of the first part."

In Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173, where the language used was even stronger as to the restrictions, the court held that the benefit of the covenant inured only to the grantor, and that a release from his devisee released the covenants. As a matter of fact the situation presented by the deeds covering the conveyances of property in this block was passed upon by this court some years ago in Moller v. Presbyterian Hospital, 65 App. Div. 134, 72 N. Y. Supp. 483. The justice presiding at Special Term rendered an opinion upon the trial of the case, in which he held that:

"The deeds to the lots on Seventy-Second street bound only the grantees, and were for the benefit of their grantors, Tracy and Russell."

The case was affirmed on other grounds in the Appellate Division, but without criticism of the views expressed and the findings made by the court below. This fact, supplemented by the proof upon the trial herein, tends to establish that these covenants were personal to Tracy and Russell; and, since they now have no lands in the neighborhood, there is no one who can enforce the restrictions pleaded. St. Stephen's Church v. Church of the Transfiguration, 201 N. Y. 1, 94 N. E. 191, Ann. Cas. 1912A, 760. Moreover, it is apparent that Tracy and Russell had no general plan for the improvement of the block.

[2] It is established beyond question, by decisions in this state and elsewhere, that covenants which are entered into with the design to carry out a general scheme for the improvement or development of real property are both valid and enforceable. This entire matter is explained in Korn v. Campbell, 192 N. Y. 490, 85 N. E. 687, 37 L. R. A. (N. S.) 1, 127 Am. St. Rep. 925, where the Court of Appeals, referring to this class of cases, said:

"This class embraces all the various plans, generally denominated in the English cases as building schemes, under which an owner of a large plot or tract of land divides it into building lots to be sold to different purchasers for separate occupancy, by deeds which contain uniform covenants restricting the use which the several grantees may make of their premises. In such cases the covenant is enforceable by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each, and gives to each the appropriate remedy. Such covenants are entered into by the grantees for their mutual protection and benefit, and the consideration therefor lies in the fact that the diminution in the value of a lot burdened with restrictions is partly or wholly offset by the enhancement in its value due to similar restrictions upon all the other lots in the same tract."

The evidence submitted herein does not bring this case within the rule laid down. In the first place, the deeds do not all contain the same covenants. But, even if they did, it is doubtful if that fact alone would establish a general plan. Equitable Life Assur. Soc. v. Brennan, supra; Longworth v. Deane, 15 App. Div. 461, 44 N. Y. Supp. 433.

Concerning the St. James Church deed, the reciprocal covenants made by Tracy and Russell that they would insert in all deeds of the property then unsold lying west of a line 180 feet from Madison avenue similar covenants to those inserted in the church deed indicates

that up to that time they had no general plan of restricting the block, and as to any conveyance made by them of property east of the line stated in the deed no rights whatever were granted as to any other lands in the block. Furthermore, the deed also shows that the reciprocal covenant and the plan, if any, sought to be established by the deed was not to affect any lots which had then been sold. The express language of the deed refers only to lands "then unsold." Since the 33 feet 3 inches owned by the plaintiff was conveyed prior to the covenant in the church deed, it is clear that such covenant could not possibly affect the plaintiff's property. The defendants' position in regard to a uniform building scheme is further weakened by the fact that the four lots on Seventy-First street used for the Nurses' Home were conveyed free from any restrictions. As Judge Freedman said in the Moller Case:

"The facts in respect to all the lots embraced in the entire block show that no general and uniform plan of improvement was followed."

The defendants herein have, however, argued at considerable length, to the effect that several of the cases referred to above, which the plaintiff cites as sustaining its position, are clearly distinguishable and are not at all in point. The first of these is the Equitable Life Assur. Soc. Case. There the trustees of St. Patrick's Cathedral sold the whole block lying between Fiftieth and Fifty-First streets and Park and Madison avenues to one J. Augustus Page. In the contract between Page and the trustees it was expressly provided that the westerly half of the block should be restricted. There is no point raised as to that in the case. The easterly half of the block was conveyed without restriction. The block was then divided into 32 lots. Page conveyed to one Goelet the two westerly lots on the easterly half of the block lying on Fifty-First street. Later he conveyed to one Spaulding the two westerly lots on the easterly half of the block lying on Fiftieth street, being the premises immediately in the rear of the Goelet lots. The deeds of these two conveyances contained a covenant on the part of the grantees against nuisances, including a stable. The remaining lots in the easterly half of the block were thereafter conveyed by Page to one Benson, and the deed contained the same covenants as the deeds to Goelet and Spaulding. Therefore the lots in the easterly half of the block were all conveyed under deeds containing a uniform covenant against nuisance. However, Page's widow some time later executed a release of the covenant contained in Page's deed to Benson. Title to a portion of the Benson holding thereafter became vested in one Brennan, who undertook to open up a stable on his premises. The plaintiff held title through the Spaulding transaction, and sought to enjoin Brennan in an action in equity. The court held upon the evidence presented that the restrictive covenant inserted in the three deeds was for the sole benefit of the grantor, and that the subsequent grantees under the Spaulding deed were not entitled to enforce the same. The case is cited for the proposition that where restrictive building covenants in a number of deeds from a common grantor run to the grantor only, and there is nothing in the surrounding circumstances to show any uniform plan of restriction on the land conveyed, an action is not

maintainable by one of the grantees to restrain a violation by another grantee of the covenant in his deed. 14 N. Y. Annot. Dig. 653, 654.

The plaintiff in the Equitable Case alleged, but failed to prove, an oral agreement on the part of Page to restrict the easterly portion of the block. The evidence before the court upon appeal was therefore practically confined to the deeds and the testimony ·relating to the uses of the adjacent property. That is a great deal like the situation now before this court. No oral agreement, however, is set up. The language of the deeds herein expressly provides that it shall be optional with the grantors whether or not the restrictions of the covenant shall be enforced. Like the Equitable Case, it will be observed that the covenants contained in the deeds are wholly silent as to any uniform plan of restriction. The common grantors herein conveyed the property in parcels from time to time, and it is plainly apparent that they inserted the restrictive covenants in the deeds for the purpose of enabling them personally to retain a certain control in the block.

The case of Longworth v. Deane, 15 App. Div. 466, 44 N. Y. Supp. 433, is also criticized by the defendants herein. There it was also contended that a uniform plan of restriction existed. The deeds there, like most of the deeds in this case, contained no recital that the restrictions in question were to apply to any other land in the block. There the deeds, like all the deeds here except one, did not bind the grantor or the property remaining in his hands by any covenant as to the use to which it would be put. As in the case at bar, the deeds in the Longworth Case contained no statement that the restrictive covenants were inserted for the benefit of any other than the grantor.

In the Moller Case, which the defendants contend has no bearing upon this litigation, after taking evidence upon a trial, it was held that there was no uniform plan of improvement as to this very block, and that the covenants in question bound only the grantees, and were for the benefit of their grantors. This was the opinion of a court of coordinate jurisdiction, whose decision was affirmed by the Appellate Division of this department, with costs and disbursements. Furthermore, the opinion in the Appellate Division expressly stated that there was no doubt that an apartment or a hotel could be erected on the Seventy-First street plot. It is interesting to note also that in the Moller Case the plaintiff evidently tried to spell out an oral agreement on the part of Tracy and Russell, to the effect that they would bind all the property disposed of by them to a general plan of improvement. There was no attempt to offer any such evidence in this action, and in that respect this case is much stronger than the Moller Case. Moller's premises were situated on the northerly side of this block, toward the center and easterly half thereof, and, as stated by the Appellate Division, it appears that other portions of the block had been applied to a use which was in violation of the restrictions contained in the plaintiff's deed. Since Tracy and Russell had permitted the portion referred to be used in a manner which was contrary to the provisions of Moller's deed, it is evident that they had no uniform plan for the improvement of the block. For the reasons stated, and not upon any claim of change of neighborhood as raised upon the trial, I am con-

strained to hold that the 33 foot 3-inch plot in question has no restrictions as defendants urge, and hence they have no right to the relief they seek, by injunction or otherwise. Moreover, as the plaintiff could erect a building on its plot, the inclusion in such building of the additional 6 feet 9 inches of land adjoining and referred to in the record would be permitted. Goodhue v. Cameron, 142 App. Div. 470, 127 N. Y. Supp. 120. Plaintiff is accordingly entitled to judgment as prayed for, and the restrictive covenants pleaded by the defendants Butler, Cahn, Manrana, Sophie Liebmann, Robinson, and Collier as counterclaims are accordingly dismissed.

Judgment accordingly.